IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL HILL, RENATO ANDRADE, and ROBERT HIELCKERT, §§§ | |
| Plaintiffs, §§ | CIVIL ACTION NO. 4:18-cv-00262 |
| v. §§ | |
| STAR FREIGHT OF FLORIDA, LLC (formerly known as Star Freight, LLC), §§§§ | |
| Defendant. § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, MICHAEL HILL, RENATO ANDRADE, and ROBERT HIELCKERT, ("Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against STAR FREIGHT OF FLORIDA, LLC (previously known as Star Freight, LLC, and referred to herein as "Defendant") and shows as follows:

### I. NATURE OF SUIT

1. This is a claim for unpaid wages due as a result of the overtime pay rules required by the Fair Labor Standards Act ("FLSA"), a law passed in 1938 to correct working conditions harmful to the health and well-being of workers. Among other things, the FLSA prohibits employers from allowing workers to work over 40 hours in a week unless the employer pays them one and one-half times their regular rate of pay for those additional hours. *See* 29 U.S.C. § 207(a).

2. Since at least 2015, Defendant employed Plaintiffs, who worked for Defendant at a Georgia Pacific location in Denton County, Texas. On or about March 29, 2018, Defendant

lost that contract, and when that occurred, Plaintiffs' employment with Defendant ended. During Plaintiffs' employment with Defendant, between at least 2015 and March 29, 2018, Plaintiffs regularly worked more than 40 hours a week for Defendant.  Contrary to the FLSA, Defendant did not pay Plaintiffs the required one and one-half times their regular rate of pay for the additional hours over 40 per week that they worked during that period.  For and in behalf of themselves and other employees similarly situated, Plaintiffs sue Defendant to recover their unpaid wages due to them under the FLSA.

## II. PARTIES

3. Plaintiff MICHAEL HILL is an individual who began working for Defendant in approximately September 2015.  He hereby consents to be a party in this action, and his consent form is attached as "Exhibit A."

4. Plaintiff RENATO ANDRADE is an individual who began working for Defendant in approximately November 2014.  He hereby consents to be a party in this action, and his consent form is attached as "Exhibit B."

5. Plaintiff ROBERT HIELCKERT is an individual who began working for Defendant in approximately November 2011.  He hereby consents to be a party in this action, and his consent form is attached as "Exhibit C."

6. Defendant STAR FREIGHT OF FLORIDA, LLC is a foreign limited liability company organized in Florida.  Defendant was originally organized as an Arkansas limited liability company under the name "Star Freight, LLC" on or about August 8, 2008, and later, on or about June 9, 2017, Star Freight LLC filed Articles of Conversion with the Florida Secretary of State converting the business to a Florida limited liability company under the name STAR FREIGHT OF FLORIDA, LLC, effective as of August 8, 2008.

Defendant can be served with process by service on its registered agent for service of process, James G. Salmon, at Defendant's principal place of business and his address for service of process, 557 W. Plant Street, Winter Garden, Florida, 34787, or wherever he may be found.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiffs' claims arise under federal law.

6. This case was properly filed in this Court, because the acts and omissions occurred in this district and division. Plaintiffs performed work for Defendant at a location in Denton, in Denton County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district and division.

### IV. COVERAGE

7. Plaintiff HILL is a covered, nonexempt employee under the FLSA.

8. Plaintiff ANDRADE is a covered, nonexempt employee under the FLSA.

9. Plaintiff HIELCKERT is a covered, nonexempt employee under the FLSA.

10. Defendant is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has had employees engaged in commerce, in the production of goods for commerce, or in the handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person, and upon information and belief, Defendant has a gross annual revenue of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

13. At all times hereinafter mentioned, Plaintiffs were each individual employees who were engaged in commerce, in the production of goods for commerce, and/or were employed in an enterprise engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

14. Plaintiffs performed work for Defendant in Denton, Denton County, Texas.

15. Plaintiff HILL worked for Defendant from at least 2015 through March 29, 2018, when his employment with Defendant ended, and throughout that time, he regularly worked 40 or more hours in a work week.

16. Plaintiff ANDRADE worked for Defendant from at least 2015 through March 29, 2018, when his employment with Defendant ended, and throughout that time, he regularly worked 40 or more hours in a work week.

17. Plaintiff HIELCKERT worked for Defendant from at least 2015 through March 29, 2018, when his employment with Defendant ended, and throughout that time, he regularly worked 40 or more hours in a work week.

18. Throughout his employment with Defendant, Plaintiff HILL was paid on an hourly basis and was only paid straight time for the work he performed. He was not paid at the rate of time and one half their regular rate of pay for the many hours he has worked for Defendant in excess of 40 hours per week.

19. Throughout his employment with Defendant, Plaintiff ANDRADE was paid on an hourly basis and was only paid straight time for the work he performed. He was not paid at the rate of time and one half their regular rate of pay for the many hours he has worked for Defendant in excess of 40 hours per week.

20. Throughout his employment with Defendant, Plaintiff HIELCKERT was paid on an hourly basis and was only paid straight time for the work he performed. He was not paid at the rate of time and one half their regular rate of pay for the many hours he has worked for Defendant in excess of 40 hours per week.

21. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs. Defendant is and was aware of its legal obligation to pay overtime to Plaintiffs and failed to do so.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendant has violated and is violating the provisions of sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at a at rate no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and other similarly situated employees in accordance with the law.

## VII. RELIEF SOUGHT

23. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b. For an Order awarding Plaintiffs the costs of this action;

c. For an Order awarding Plaintiffs attorneys' fees and costs;

d. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

WOOD WEATHERLY TRIAL LAW
3541 Teasley Lane, Suite 100
Denton, Texas  76210
(940) 565-6565
(940) 566-6673 (fax)


*/s/ Grace Weatherly*
Grace Weatherly
Texas Bar No. 00788632
grace@wtwlawfirm.com

Susan Motley
Texas Bar No. 24002655
susan@wtwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**