IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL HILL, RENATO ANDRADE, and ROBERT HIELCKERT, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:18-cv-00262 |
| v. | § § § | |
| STAR FREIGHT OF FLORIDA, LLC (formerly known as Star Freight, LLC), | § § § § | |
| Defendant. | § | |

**JOINT BRIEF IN SUPPORT OF PROPOSED ORDER OF DISMISSAL**

TO THE HONORABLE AMOS L. MAZZANT, III:

**I.   OVERVIEW**

In this action for unpaid wages under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.*, Plaintiffs asserted they were owed unpaid overtime, which Defendant disputed. Defendant claimed Plaintiffs were exempt under the Motor Carrier Act exemption in 29 U.S.C. § 213(b) and were thus not entitled to any additional wages or other relief. After beginning discovery, the parties mediated their dispute and resolved it in a confidential compromise. The parties filed a Stipulation of Dismissal on January 18, 2019. Per the Court's January 22, 2019 Order (ECF No. 21), the parties jointly file this brief and ask the Court to approve their settlement and dismiss the case because their agreements reflect a fair and reasonable compromise of a *bona fide* dispute concerning Plaintiffs' claims.

**II.   LITIGATION SUMMARY**

Plaintiffs filed this action alleging violations of the FLSA's overtime provisions, contending that they were not properly paid for some of their hours of work under the FLSA and

seeking to recover unpaid overtime wages, liquidated damages, pre-judgment interest, attorneys' fees and court costs. (ECF No. 1). Defendant answered, claiming that Plaintiffs were exempt from overtime under the Motor Carrier Act exemption in 29 U.S.C. § 213(b), denying that it had improperly paid Plaintiffs, and denying that Plaintiffs were entitled to any relief. (ECF No. 5)

In their Joint Rule 26(f) Conference Report (*see* Dkt. 9), the parties stated:

> *Plaintiffs' synopsis:*
> *Plaintiffs have sued Defendant for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). During Plaintiffs' employment with Defendant, Plaintiffs worked more than 40 hours a week for Defendant but were not paid the required one and one-half times their regular rate of pay for the additional hours over 40 per week that they worked. Plaintiffs are not exempt from overtime under 29 U.S.C. § 213(b) or otherwise, and they seek the unpaid wages owed as well as liquidated damages in an equal amount and attorneys' fees and costs as allowed by statute.*
>
> *Defendant's synopsis:*
> *Star Freight of Florida, LLC ("Star Freight") is an interstate motor carrier that provides logistics, transportation and distribution services to customers that rely on Star Freight to coordinate the efficient movement of goods. Plaintiffs are former Star Freight employees who were loaders/hostlers and truck drivers who transported interstate loads and their duties affected the safety of operation of motor vehicles in transportation on public highways in interstate commerce. Star Freight contends that Plaintiffs are not entitled overtime compensation because they are exempt under the Motor Carrier Act Exemption, 29 U.S.C. 213(b).*

The parties mediated the case with M. Beth Krugler on December 4, 2018, and later entered into confidential settlement agreements.[1]

### III.   ARGUMENT

A.   **The Agreements Are a Fair Compromise Based on a *Bona Fide* Dispute Over FLSA Coverage and Compensation Due**

   1.   **General Rules Regarding Court Approval of FLSA Settlements**

The FLSA generally prohibits employers and employees from agreeing to less than time and a half for all hours worked after 40 in a workweek. Purely private settlements of FLSA claims

---
[1] In compliance with the confidentiality portions of the parties' agreements, the parties have provided a copy of the settlement agreements together with a motion for leave to file under seal.

_____
Joint Brief in Support of Proposed Order of Dismissal                                   Page 2

are generally unenforceable and typically require approval by a court or the Secretary of Labor. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). In *Bodle v. TXL Mortgage Corp.*, the Fifth Circuit noted that it has "excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed. In doing so, . . . an exception would not undermine the purpose of the FLSA because the plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours." 788 F.3d 159, 165 (5th Cir. 2015) (citing *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 255 & 257 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 795 (2012)); *see also Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) (concluding that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due").

Accordingly, in the Fifth Circuit, private settlements are allowed, and approval is unnecessary, in cases involving *bona fide* disputes regarding the hours worked or compensation due. While the Fifth Circuit refused in *Bodle* to extend the *Martin* exception to the circumstances presented there, the *Martin* exception should apply in the circumstances presented here, as described more fully below.

Even when approval is needed, courts may approve a FLSA settlement in contested litigation to resolve a *bona fide* dispute between the parties over FLSA coverage and may dismiss the suit after considering the fairness of the settlement. *Lynn's Food Stores,* 679 F.2d. at 1352-54, *citing D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). Courts typically rely on the adversarial nature of litigation as an indicator of a settlement's fairness. *Lynn's Food Stores,* at 1354. If the

settlement reflects a reasonable compromise over contested issues, the court may approve it to promote the policy of encouraging settlement of litigation. *Id.*

### 2. Here, the Parties' Compromise Is the Product of Contested Litigation

The compromise in this case is the product of contested litigation. In its Answer, Defendant claimed that Plaintiffs were exempt from the FLSA's overtime requirements and denied that Plaintiffs were entitled to any overtime pay or other relief. In accordance with the Court's Order Governing Proceedings (ECF No. 6), at the Rule 26(f) conference held on June 12, 2018, the parties' attorneys committed to exploring opportunities for early settlement discussions. On June 22, 2018, the parties exchanged Initial Disclosures, followed by the production of more than 1,200 pages of records by the parties, including time sheets, pay stubs, driver qualification files, drivers location histories, and trip sheets.

Plaintiff's initial settlement demand was made August 1, 2018, and Defendant responded with a counter-offer on August 31, 2018. The parties served written discovery on September 11 and 12, 2018, but thereafter mutually agreed to stay responses to discovery in order to further explore the possibility of settlement. In compliance with the Court's order of mediation, the parties jointly scheduled a mediation on December 4, 2018, with their agreed-upon mediator, Beth Krugler, a skilled mediator with experience resolving FLSA disputes.

The parties and their attorneys had a full opportunity through the litigation process to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in the case. Based on those assessments, the parties participated in a mediation which allowed the parties to reach a mutually acceptable compromise. As noted by Ms. Krugler's Mediator's Report, all parties and counsel were present at the mediation conference held

on December 4, 2018, which resulted in confidential settlement agreements executed by Plaintiffs on January 3, 2019, and Defendant on January 4, 2019.

### 3. The Parties' *Bona Fide* Dispute Over FLSA Exemption and Alleged Damages

Throughout the litigation, Defendant asserted, and Plaintiffs denied, that Plaintiffs were exempt from overtime under the Motor Carrier Act exemption in 29 U.S.C. § 213(b) and were properly paid during their employment. *See* Joint Conference Report (ECF No. 9) ("Star Freight contends that Plaintiffs are not entitled overtime compensation because they are exempt under the Motor Carrier Act Exemption, 29 U.S.C. § 213(b).").

The parties also disputed whether Defendant's violations, if any, were willful, whether Plaintiffs could recover liquidated damages, and whether Plaintiffs' recovery would be limited to two years or would extend to three years. Accordingly, the Court should conclude that there was a *bona fide* dispute whether Plaintiffs were exempt, whether any FLSA violations occurred, and whether Plaintiffs were due any compensation under the FLSA.

### 4. The Parties' Compromise Is Fair and Reasonable

The parties' compromise at mediation was the result of arms-length negotiations by experienced, capable attorneys on both sides. Both parties' counsel have extensive familiarity with counseling clients regarding wage and hour disputes, as well as litigating FLSA claims in federal court. Under these circumstances with experienced counsel and a neutral mediator helping the parties reach a mutually-agreeable compromise, a presumption of fairness should attach to the agreement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness). *See also In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) (court should consider the unique ability of counsel to assess the potential risks and rewards of litigation; a

presumption of fairness, adequacy and reasonableness may attach to settlement reached in arms-length negotiations between experienced, capable counsel).

Moreover, the public policy in favor of settlements, particularly in cases where substantial resources can be conserved by avoiding the time, cost and rigor of protracted litigation, further supports a presumption of fairness in this case. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

Other factors also confirm that their compromise is fair and reasonable.

### (a) Substantial Obstacles Exist if the Litigation Continues, and the Compromise Provided Substantial, Immediate Relief

Throughout the case, the parties disputed Defendant's liability for overtime wages to Plaintiffs and the amount of overtime wages due them. The parties began additional written discovery, which further increased the attorneys' fees for both sides. If the litigation were to continue, both parties would be required to expend a great deal of time and expense in completing discovery, filing and responding to dispositive motion(s) on the Motor Carrier Act Exemption, preparing for trial, and trying the matter. Moreover, Plaintiffs would not be entitled to recover anything if Defendant established its claimed exemption. Were the litigation to continue, the parties' dispute over liability and damages would likely continue, and they would likely present conflicting testimony and documents in that regard.

Through their compromise, the parties have received substantial and certain benefits, which are significant factors weighing in favor of the Court's approval. *See In re Bankamerica Corp. Securities Litigation*, 210 F.R.D. at 701 (courts "should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability

of relief in the future, after protracted and expensive litigation."). These benefits are particularly meaningful when the total recovery, if any, may be an amount which would not justify the extensive time and costs for attorneys' fees resulting from additional protracted litigation.

### (b) Plaintiffs and Their Counsel Support the Compromise

Plaintiffs' counsel gained knowledge of the facts and legal issues relating to the respective claims and defenses and had sufficient evidence on which to base an informed assessment of the parties' compromise. Based on their knowledge of the case and the applicable law, counsel believe the compromise is fair, reasonable and adequate. "Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight." *In re BankAmerica*, 210 F.R.D. at 702. Because the parties' compromise reflects a fair and reasonable resolution of a *bona fide* dispute over coverage and compensation due, this Court should approve it to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

### IV. CONCLUSION

Wherefore, for the foregoing reasons, the parties respectfully request the Court to approve the parties' compromise and to dismiss the case with prejudice.

Respectfully submitted,

/s/ Susan Motley
Grace Weatherly
Texas Bar No. 00788632
Email: grace@wtwlawfirm.com
Susan Motley
Texas Bar No. 24002655
Email: susan@wtwlawfirm.com
WOOD WEATHERLY TRIAL LAW
3541 Teasley Lane, Suite 100
Denton, Texas 76210
(940) 565-6565 (phone)
(940) 566-6673 (fax)
**ATTORNEYS FOR PLAINTIFFS**

/s/ Emily A. Quillen
Emily A. Quillen
Texas State Bar No. 24045624
equillen@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
777 Main Street, Suite 3450
Fort Worth, Texas 76102
Telephone: (817) 869-1700
Facsimile: (817) 878-9472
**ATTORNEYS FOR DEFENDANT,
STAR FREIGHT OF FLORIDA, LLC**

4842-2745-0502, v. 2