## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by RENATO ANDRADE ("Plaintiff") and STAR FREIGHT OF FLORIDA, LLC, formerly known as Star Freight, LLC ("Star Freight") (Plaintiff and Star Freight collectively are referred to herein as "the Parties").

## Recitals

A.  Plaintiff was employed by Star Freight in Denton, Texas.

B.  A dispute arose between the Parties because Plaintiff claims he is owed overtime compensation by Star Freight. Star Freight denies that it owes Plaintiff overtime compensation, alleging that Plaintiff was a commercial driver who was exempt from overtime according to the Motor Carrier Act Exemption, 29 U.S.C. § 213(b)(1).

C.  As a result of such dispute, Plaintiff filed a lawsuit on April 13, 2018, Civil Action No. 4:18-cv-00262, in the United States District Court, Eastern District of Texas, Sherman Division, styled *Michael Hill, Renato Andrade, and Robert Hielckert v. Star Freight of Florida, LLC* ("Lawsuit");

D.  In the Lawsuit, Plaintiff asserts claims against Star Freight under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for unpaid overtime compensation, liquidated damages, along with attorney's fees and costs;

E.  Star Freight denies the allegations asserted by Plaintiff in the Lawsuit and contends it does not owe any damages under the FLSA; and

F.  The Parties wish to resolve this matter and to settle fully and finally all disputes and differences between them, including but not limited to those differences

embodied in the aforementioned Lawsuit, without admitting any liability therefor, but solely to avoid the burden, expense, delay and uncertainties of litigation.

## Agreement

In consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

1. **Settlement Consideration**. In consideration of the execution of this Agreement by Plaintiff and his promises contained herein, Star Freight agrees to pay the gross sum of TWENTY THOUSAND DOLLARS AND NO/100 ($20,000.00) (the "Settlement Amount"). The Settlement Amount will be paid in two separate payments as follows:

    a. Star Freight will pay Plaintiff the gross amount of NINE THOUSAND THREE HUNDRED TWENTY DOLLARS AND NO/100 ($9,320.00). Star Freight will report this amount as wages on a Form W-2 issued to Plaintiff, in accordance with the IRS Form W-4 completed by Plaintiff for tax year 2018.

    b. Star Freight will pay Plaintiff's attorneys of record, Wood, Thacker & Weatherly, P.C., the gross amount of TEN THOUSAND SIX HUNDRED EIGHTY DOLLARS AND NO/100 ($10,680.00). No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wood, Thacker & Weatherly, P.C.

The Settlement Amount will be mailed to Plaintiff's attorneys of record at Wood, Thacker & Weatherly, P.C., 3541 Teasley Lane, Suite 100, Denton, TX 76210, by the

later of December 31, 2018 or five (5) business days following the execution of this Agreement by all Parties.

    2.    **General Release by Plaintiff**.  In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, and except as otherwise provided by law, Plaintiff, on behalf of himself, his heirs, successors, assigns, attorneys, agents and representatives (collectively, "Releasors") releases and discharges Star Freight, its respective successors, legal representatives, parent companies, subsidiaries, affiliates, divisions, officers, directors, employees, shareholders, members, agents, attorneys and assigns (collectively, "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred), of any nature whatsoever, known or unknown, in law or equity.  Without limiting the foregoing general release, Plaintiff understands that this general release applies to, but is not limited to:

    a.    All claims contained in or covered in the Lawsuit asserted against Star Freight.

    b.    All claims arising out of Plaintiff's relationship with Star Freight, including Plaintiff's claims arising from his employment relationship with Star Freight.

    c.    All claims arising from any alleged violation by the Releasees of any federal, state, or local statutes, or ordinances, including, but not limited to:

        i.    Title VII of the Civil Rights Act of 1964, as amended;

        ii.    the Americans with Disabilities Act;

        iii.    42 U.S.C. § 1981, as amended;

  iv.  the Fair Labor Standards Act (the "FLSA");

  v.  the Equal Pay Act;

  vi.  the Employee Retirement Income Security Act;

  vii.  the Consolidated Omnibus Budget Reconciliation Act;

  viii.  the Rehabilitation Act of 1973;

  ix.  the Civil Rights Act of 1991;

  x.  the Family and Medical Leave Act (the "FMLA");

  xi.  the Elliot-Larsen Civil Rights Act;

  xii.  the Surface Transportation Assistance Act;

  xiii.  the Texas Labor Code, Chapter 451;

  xiv.  the Texas Commission on Human Rights Act;

  xv.  the Texas Whistleblower Act, Texas Government Code, Chapter 554; and

  xvi.  any other employment discrimination laws.

 d. All claims based on constitutional, statutory, common law, or regulatory grounds, and any and all claims based on theories of workers compensation retaliation, breach of contract or implied covenant, deprivation of equity interest, shareholder rights, conversion, defamation, retaliation, wrongful or constructive discharge, fraud, misrepresentation, promissory estoppel, or intentional and/or negligent infliction of emotional distress.

 e. All claims for any relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, holiday pay, bonuses, compensatory damages, punitive damages, damages for pain and suffering and attorney fees.

Plaintiff agrees to take all steps necessary to effect a valid and complete release of all possible claims against Star Freight, including any claims under the FLSA. This general release applies to those claims which Plaintiff now has, owns, or holds, or claims to have, own, or hold, or which Plaintiff had, owned, or held, or claimed to own

at any time before execution of this Agreement, against any or all of the Releasees, of any nature whatsoever, known or unknown, regardless of whether they were asserted in the Lawsuit. Plaintiff expressly waives his right to personally recover any money from the Releasees as a result of any filings by his or any other person against the Releasees with any governmental agency.

3. **Dismissal of Claims Against Star Freight in Lawsuit**. By his signature below, Plaintiff authorizes and instructs his counsel of record in the Lawsuit to execute and file within ten (10) business days of execution of this Agreement a Stipulation of Dismissal With Prejudice as to all claims by Plaintiff against Star Freight.

4. **Disclaimer of Liability**. This Agreement is not an admission by either party of any wrongdoing. This Agreement is a compromise of disputed claims and allegations. Star Freight specifically denies that Plaintiff was entitled to overtime compensation as an exempt driver under the Motor Carrier Act Exemption and denies the Claims made by Plaintiff in the Lawsuit. The Parties intend, by their actions pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation. Accordingly, Plaintiff understands and acknowledges that this Agreement shall not in any way be construed as or used as evidence or an admission by Star Freight that it committed any wrongful or unlawful act whatsoever against Plaintiff or any other person, and Star Freight specifically disclaims any liability to Plaintiff or any other person, on the part of itself, its employees, and/or its agents. The Parties agree that there is a bona fide dispute in the Lawsuit regarding Star Freight's liability under the FLSA and about the overtime compensation allegedly

owed to Plaintiff, and that there is a bona fide dispute as to Plaintiff's ability to establish he was not an exempt driver or otherwise entitled to overtime compensation alleged to be owed by Star Freight, if any. Moreover, the Parties agree that a bona fide dispute exists regarding (1) Plaintiff's claim against Star Freight that he was not afforded and did not receive all rights and entitlements due him in accordance with the FLSA as of the date of this Agreement, and at all times before; (2) Plaintiff's claim of harm, injury, damages, and losses compensable under the FLSA; (3) Plaintiff's claim, demand, cause of action or right of recovery under the FLSA as of the date of this Agreement.

5. **Confidentiality**. Plaintiff represents, warrants and agrees that he will keep the amount of this settlement and the terms of this Agreement and the circumstances leading to it confidential and that he will not show anyone a copy of this Agreement, or provide a copy to any person other than his attorneys, accountants, tax preparers, or spouse. If Plaintiff provides a copy of this Agreement to his attorneys, accountants, tax preparers and/or spouse, Plaintiff agrees to inform him/her of his confidentiality obligation and take such reasonable steps to ensure that each abide by the restrictions of confidentiality described herein. Plaintiff further agrees that he has not and will not communicate with the media or make any public statement, whether orally or in writing, electronically (including, but not limited to, via e-mail) or otherwise, regarding the terms of this Agreement.

6. **Integration**. This written Agreement contains the entire agreement of the Parties as to the subject matter covered herein. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom

enforcement of any waiver, change, modification, extension or discharge is sought. The Parties acknowledge that they have not relied upon any representations or promises except as set forth herein and have not relied upon the other party or its counsel for any advice on or interpretation of the legal or tax implications of this Agreement.

7. **Severability**. Should any clause of this Agreement be found void by a court of law, that fact shall not impair the remainder of this Agreement.

8. **Governing Law**. This Agreement is entered into in the State of Texas, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Texas. This Agreement is performable in, and the venue for any dispute shall be the state or federal courts in Denton County, Texas.

9. **Construction of Agreement**. The Parties hereby confirm and agree that this Agreement is the result of negotiation and compromise and that in interpreting this Agreement neither party shall be considered to be the drafter of the document, and that the language should not be strictly construed against either party. Instead, the language of the Agreement should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

10. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, related companies, successors and assigns.

11. **Expenses.** The Parties shall pay their own expenses, including, without limitation, any attorney fees, mediation fees, court costs, pleading

preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation and execution of this Agreement.

      12.    **Counterparts**. This Agreement may be executed in identical counterparts, each of which shall constitute an original of this Agreement.

      13.    **Neutral Job Reference**. Star Freight agrees to furnish a neutral job reference for any inquiry it receives pertaining to Plaintiff's past employment, disclosing only that Plaintiff had been employed by Star Freight, along with Plaintiff's dates of employment, rate of pay, and positions held, and any other information required to be disclosed by law or regulation.

      14.    **Advice Concerning Attorney, Understanding, and Voluntariness**. PLAINTIFF REPRESENTS AND AGREES THAT HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT, THAT HE HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND THAT HE IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

      **[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

The Parties have executed this Agreement on the date below their signatures or the signature of their representatives.

**BY PLAINTIFF:**

01/03/19
Date

RENATO ANDRADE

**BY DEFENDANT:**

STAR FREIGHT OF FLORIDA, LLC

By: _Charlie Johnson_

1-4-19
Dated

Charlie Johnson
Printed Name

4826-5735-9747, v. 3