# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL HILL, RENATO ANDRADE, and ROBERT HIELCKERT<br><br>v.<br><br>STAR FREIGHT OF FLORIDA, LLC. | §<br>§<br>§   Civil Action No. 4:18-CV-262<br>§   Judge Mazzant<br>§<br>§ |

### ORDER

Plaintiffs Michael Hill, Renato Andrade, and Robert Hielckert filed suit against Defendant Star Freight of Florida LLC ("Star Freight") for failure to pay overtime wages. The parties subsequently filed a Stipulation of Dismissal (Dkt. #19), indicating that they had reached a settlement (the "Settlement")—without providing the Court any details about the terms of the Settlement (Dkt. #19). Because parties are not permitted to settle FLSA claims without court approval, unless they resolve a bona fide dispute over hours worked or compensation owed, *see Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015), the Court directed the Parties to provide briefing as to why the Settlement should be approved and a copy of the Settlement (Dkt. # 21). The parties timely complied with the Court's orders (Dkt. #24; Dkt. #25; Dkt. #26) and also filed a corresponding motion to seal (Dkt. #23).

I.   **Approval of FLSA Settlement**

Where the Settlement concerns a factual dispute over hours worked or compensation owed, the settlement agreement is enforceable without further review. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). In all other cases, the court must further examine the settlement to determine whether it resolves a bona fide dispute over the FLSA's provision and is fair and reasonable. *See id.*

After careful review, the Court concludes that the Settlement should be approved—even assuming that the dispute is not over the hours worked or compensation owed.[1]  First, regardless of the precise nature of the dispute, the Settlement plainly resolves a bona fide dispute between the parties.  The parties explain that they decided to settle the case in light of several outstanding disputes—namely whether the Motor Carrier, Act, 29 U.S.C. § 213(b), exempts Plaintiffs from the FLSA provisions that would ordinarily entitle workers to overtime wages, whether any violations were willful, and whether any recovery would be limited to two or three years.  *See Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 16, 2016) (finding a bona fide dispute based on whether the plaintiff was exempt from FSLA's protections).

The settlement also appears to be fair and reasonable.   Both parties were represented by experienced counsel and reached the Settlement with the assistance of a mediator.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (citing an employee's representation by an attorney as indication that a settlement is fair since the attorney "can protect their [clients'] rights under the [FLSA]").  The parties attest that the amount paid to each plaintiff, roughly $10,000 each, was fair—taking into account the cost and uncertainty of further litigation.  *See Vassallo v. Goodman Networks, Inc.*, No. 4:15CV97-LG-CMC, 2016 WL 6037847, at *2 (E.D. Tex. Oct. 14, 2016) (taking into account the cost of litigation in approving an FLSA settlement).  This is especially true here in light of the nature of the dispute.  Defendant maintains it does not owe Plaintiffs *any* unpaid wages because Plaintiffs are wholly exempt from the FLSA's protections.  And, while Plaintiffs disagree, the amount which they each stand to recover is likely

---

[1] The Fifth Circuit has found that, although FLSA settlements generally require court approval, they do not where the settlement resolves a bona fide dispute over hours worked or compensation owed.  *See Bodle*, 788 F.3d at 165-66.  It is not clear whether the Settlement in this case resolves such a dispute.  The parties dispute whether Plaintiffs are wholly exempt from the FLSA's protections, which could  be read as a dispute over whether Plaintiffs are entitled to compensation at all.

low—especially when taking into account the cost to continue the case. *See id.* (taking into considering the range of possible recovery when deciding whether to approve an FLSA settlement). The Parties note, for example, that if litigation were to continue, they "would be required to expend a great deal of time and expense in completing discovery, filing and responding to dispositive motion(s) on the Motor Carrier Act Exemption, preparing for trial, and trying the matter." (Dkt. #22 at p. 6). Finally, there is no indication that the Settlement was reached due to fraud or misinformation. *See id.* (considering the lack of evidence of fraud or collusion as weighing in favor of settlement approval). To the contrary, the parties maintain that they had a full opportunity to assess their strengths and weaknesses and only reached the Settlement after taking advantage of that opportunity. *See id.* (considering the stage of the proceedings and amount of discovery completed when determining whether to approve an FLSA settlement). The Court finds it proper to approve the Settlement under these circumstances, which would bring this case to a close.

II. **Motion to Seal**

The parties' Joint Motion to Seal the Settlement, however, is due to be denied. The public has a common law right to inspect and copy judicial records, even if that right is not absolute. *See SEC v. Van Weyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). As such, courts may seal judicial records, including settlements which have been filed for the court's review, only after finding that the movant's privacy interests outweigh "[t]he presumption in favor of the public's common law right to access to court records." *See id.* (applying this rule to a settlement agreement that had been filed for the court's review). The parties assert that the settlement should be sealed because, under the agreement, its terms are confidential. Although the parties' interest in privacy is not unsubstantial, courts routinely find that "[t]he public's interest in accessing [FLSA] settlement

agreements, including the settlement amount, often outweighs any interest in confidentiality," *see, e.g., Prater v. Commerce Equities Management Co., Inc.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (citing several supporting cases), in light of the "'private-public character'' of the rights at issue, *see Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). The parties have not provided the Court any reason to find differently. As one court has explained, "'[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair,'" which should not be sealed "[a]bsent an extraordinary reason." *See Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276-D, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (quoting *Tran*, 2009 WL 2477653, at *1).

The Parties' Joint Motion to Seal Document (Dkt. #23) is **DENIED** and, pursuant to the Parties' Stipulation of Dismissal (Dkt. #19), this action is **DISMISSED WITH PREJUDICE**. Accordingly, the Clerk of the Court is **DIRECTED** to unseal the Settlement (Dkt. #24; Dkt. #25; Dkt. #26) and close this action.

**SIGNED this 5th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE